IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANTHONY SALDI, et al., | |
|---|---|
| Plaintiffs, | 8:16-CV-61 |
| vs. | |
| AMERICAN NATIONAL BANK, et al., | ORDER |
| Defendants. | |

This matter is before the Court on the plaintiffs' motion to continue (filing 25). The motion will be denied.

The plaintiffs' complaint alleges several claims for relief arising out of business dealings among the parties, one of which is a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*. Filing 1 at 7-8. A RICO claim requires a plaintiff to show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999). And to have standing to assert a RICO claim, the plaintiff must allege an injury to business or property caused by racketeering activity. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999).

The primary injury upon which the plaintiffs' RICO claim relies is "the loss and misappropriation of Lot 1," a parcel of real estate that, according to the plaintiffs, was owned by the plaintiffs but was foreclosed upon despite never being pledged as security for any loan. Filing 1 at 3, 8. The plaintiffs alleged that Lot 1 was, in fact, "retroactively and fraudulently inserted" as collateral for previously executed transactions. Filing 1 at 6. The defendants deny that allegation, and have moved for partial summary judgment dismissing the RICO claim, arguing that: (1) the evidence shows that the plaintiffs did give Lot 1 as collateral to secure a loan, and (2) even if Lot 1 was wrongly foreclosed upon, the evidence does not show the "pattern" of racketeering activity necessary to support a RICO claim. Filing 23.

The plaintiffs have moved the Court, pursuant to Fed. R. Civ. P. 56(d), to allow the plaintiffs "at least one hundred and fifty (150) days to perform discovery" before responding to the defendants' motion. Filing 25. Rule 56(d) permits the Court to defer considering a motion for summary judgment, or deny it, when "a nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition[.]" But a party moving for a continuance under Rule 56(d) must make a good faith showing that the additional evidence discovered might rebut the opposing party's demonstration of the absence of a genuine issue of material fact. *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). It is not enough for the plaintiffs to set forth some facts they hope to elicit from further discovery. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836-37 (8th Cir. 2015). And the mere assertion that evidence supporting an allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds. *Anzaldua*, 793 F.3d at 837. Parties invoking Rule 56(d) must do so in good faith by affirmatively demonstrating why they cannot respond to a movant's affidavits as otherwise required and how postponement of a ruling on the motion will enable them, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. *Anzaldua*, 793 F.3d at 837. In short, Rule 56(d) does not permit a "fishing expedition." *Anzaldua*, 793 F.3d at 837.

The Court is not persuaded, at least based on the plaintiffs' motion, that those standards are met here. To begin with, it is not clear how (if at all) the plaintiffs' proposed discovery would be responsive to the defendants' argument that there is no "pattern" of racketeering activity. In that regard, the plaintiffs' affidavit simply asserts that discovery is necessary regarding "[o]her racketeering activity engaged in[.]" Filing 27-1 at 8. That vague hope is not enough. Nor is it clear to the Court why discovery would be needed for the plaintiffs to provide evidence, based on their own information, about whether they actually pledged Lot 1 as collateral.

Therefore, the Court will deny the plaintiffs' motion to delay consideration of the defendants' summary judgment motion. The plaintiffs remain free to explain in their response to the defendants' summary judgment motion why summary judgment should be denied, including any argument they may wish to present based on Rule 56(d).

IT IS ORDERED that the motion to continue (filing 25) is denied.

Dated this 7th day of April, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge